MITTIE R. CHANDLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chandler v. Commissioner
Docket No. 26292-91
United States Tax Court
T.C. Memo 1993-540; 1993 Tax Ct. Memo LEXIS 548; 66 T.C.M. (CCH) 1366; November 18, 1993, Filed *548 Decision will be entered under Rule 155. Mittie R. Chandler, pro se. For respondent: J. Scott Broome. GUSSIS
GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency of $ 3,104 in petitioner's 1987 Federal income tax return and additions to tax under section 6651(a) in the amount of $ 182 and under section 6653(a)(1)(A) and (B) in the amounts of $ 294 and 50 percent of the interest due on $ 3,026, respectively. The issue for decision is whether petitioner is entitled to relief from the deficiency and additions to tax as an "innocent spouse" pursuant to section 6013(e). Some of the facts have been stipulated and they are so found. The stipulation of facts and accompanying exhibits are incorporated by this reference. At the time the petition herein was filed petitioner resided in Cleveland, Ohio. Mittie R. Chandler (hereinafter petitioner) and Everett A. Chandler filed a joint Federal *549 income tax return for 1987. They were subsequently divorced. Petitioner has a B.A. in social science from Michigan State University, an M.A. in urban planning from Wayne State University and a Ph.D in political science from Wayne State University. During the 1987 taxable year, petitioner was an assistant professor of Urban Studies at Cleveland State University and operated a Schedule C community development consulting business. Petitioner's 1990 adjusted gross income was $ 40,063. In a related case involving the tax liability of petitioner's former husband, , we sustained respondent's determination that in 1987, he failed to report $ 8,153.78 of income from his law practice. We also sustained respondent's disallowance of $ 415.03 in claimed Schedule A deductions and $ 81.00 in miscellaneous Schedule A deductions, as well as her disallowance of $ 3,500 in unreimbursed employee expenses and $ 574.44 in donations, both claimed on the former husband's Schedule C. Section 6651(a) and section 6653(a))1)(A) and (B) additions to tax were also imposed. Generally, when a husband and wife file a joint return *550 the liability of the spouses with respect to the tax is joint and several. Sec. 6013(d)(3). The tax for which the husband and wife are each liable includes deficiencies in such tax as well as additions to the tax. Sec. 6665(a)(2); . Our conclusion, reached in the related case involving the tax liabilities, including additions to tax, of Everett A. Chandler with respect to the joint return filed with petitioner for the year 1987 is therefore controlling here. In any event, petitioner has offered no persuasive evidence that would compel a different result. However, in the instant case, which involves the taxable year 1987, petitioner argues that she qualifies as an "innocent spouse" within the meaning of section 6013(e). Petitioner has the burden of proof. Rule 142(a). Section 6013(e)(1) provides that an "innocent spouse" may be relieved of joint and several liability for the tax (including interest, penalties and other amounts), if certain requirements are met. Section 6013(e)(1) requires the following: (1) A joint return is filed for the taxable year at issue; (2) on such return there is a substantial *551 understatement of tax attributable to grossly erroneous items of one spouse; (3) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, of such substantial understatement; and (4) it would be inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement. The term grossly erroneous items includes any item of gross income attributable to the other spouse which is omitted from gross income and any claim of a deduction, credit, or basis for which there is no basis in fact or law. Section 6013(e)(2). Failure to meet any of the statutory requirements of section 6013(e) will prevent a taxpayer from qualifying for relief as an "innocent spouse". , affd. . , affg. . Respondent agrees that the first requirement is met. With respect to the second requirement, respondent concedes that the omitted *552 Schedule C income of $ 8,153.78 on the 1987 joint return was a grossly erroneous item. However, it has not been established on this record that the disallowed deductions had no basis in fact or in law. Petitioner may not rely on the disallowance of such deductions due largely to lack of substantiation to prove a lack of basis in fact or law. Consequently, the disallowed deductions do not constitute grossly erroneous items for purposes of section 6013. . Moreover, section 6013(e)(4)(E) adds a further requirement where the tax liability is attributable to a claim of a deduction. Section 6013(e)(4)(E) provides that when a spouse's income for the year before the notice of deficiency is sent exceeds $ 20,000, the spouse may avail herself of the provisions of section 6013(e) only if the tax liability at issue exceeds 25 percent of her adjusted gross income for the year before the notice of deficiency was sent. The notice of deficiency in this case was mailed to petitioner on August 15, 1991. Petitioner's adjusted gross income for 1990 was $ 40,063, 25 percent of which is $ 10,015.75. The tax liability *553 attributable to the disallowed deductions is less than $ 10,000. Consequently, for this additional reason, petitioner would not qualify under section 6013(e)(4)(E) for innocent spouse relief with respect to the tax liability attributable to the disallowed deductions. We have considered petitioner's arguments with respect to the applicability of section 6013(e)(4)(E) and find them inapt. Under the third requirement, petitioner must show that she did not know or have reason to know that the Schedule C income was omitted from the 1987 joint return. Whether a spouse knew or had reason to know of a substantial understatement of tax is a question of fact to be determined after reviewing the entire record. , affg. ; . In determining whether a spouse has reason to know of a substantial understatement, we must decide whether the spouse would have reason to know of the transaction that gave rise to the substantial understatement. . *554 The relief-seeking spouse has reason to know of the substantial understatement if, at the time the tax return was signed, a reasonably prudent taxpayer in his or her position could be expected to know that the stated tax liability was erroneous or that further investigation was warranted. ; . Petitioner testified that although she and her former husband were married in March 1987, they did not begin living together until November 1987. She also testified that she had no knowledge of her former husband's income, that they did not maintain a joint checking account and that her former husband was never responsible for her care or expenses. Petitioner testified that she did not look at her former husband's Schedule C before she signed the return, but rather "looked at the bottom line" to ascertain whether they were to receive a refund. Petitioner's signature on the return, however, indicates that the information stated therein was true and correct to the best of her knowledge. Petitioner cannot abdicate her responsibility *555 to examine the income tax return and attached schedules. Under these circumstances, failure to inquire about the contents of the return does not support her claim to relief under section 6013(e). ; . Moreover, petitioner admitted that she had reservations about filing a joint return due to her former husband's previous problems with the Internal Revenue Service. Given her reservations it was incumbent upon petitioner to review the return carefully. If she had done so, she would have discovered that the total adjusted gross income reported on the joint return for 1987 was only $ 31,728.28, despite the fact that she alone had wages of $ 29,127.85 and Schedule C net income of $ 5,162.15. A cursory review of such a return would have alerted a reasonably prudent taxpayer in petitioner's position that further investigation was warranted. Accordingly, based upon the record presented we find that petitioner had reason to know of the substantial understatement of tax attributable to her former husband's omission of income. Since we have found *556 that petitioner fails to meet one or more of the statutory requirements of section 6013(e)(1), she fails to qualify as an "innocent spouse" under the statute. Consequently, we need not explore the applicability of the further limitations on "innocent spouse" relief imposed by section 6013(e)(4)(B). We hold, on this record, that petitioner does not qualify for "innocent spouse" relief under the provisions of section 6013(e). Respondent is therefore sustained. Decision will be entered under Rule 155.